**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peabody Holding Company, LLC, Administrator of the Peabody Western – UMWA 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>Dianarose Black, an individual; and Raelene Brown, Administrator of the Estate of Roy Lee Black,<br><br>Defendants. | No. CV-12-08252-PCT-DGC<br><br>**ORDER** |

Peabody Holding Company, LLC ("PHC") filed a complaint in interpleader seeking to have the Court adjudicate the competing claims of Defendants Dianarose Black and Raelene Brown to the benefits of decedent Roy Lee Black that PHC holds as the administrator and fiduciary of the Peabody Western – UMWA 401(k) Plan ("the Plan"). Doc. 1. The Plan is an "employee pension benefit plan" governed by the Employee Retirement Income Security Act ("ERISA"). *Id.*, ¶¶ 9-10. PHC asserts federal question jurisdiction under 28 U.S.C. § 1331 pursuant to ERISA's jurisdictional provision in 29 U.S.C. § 1132(e). *Id.*, ¶ 5. Defendants are members of the Navajo Nation, residing on Navajo land in Arizona, and the benefits were derived from the employment of Robert Lee Black, also a Navajo, on Navajo land. Per the Court's request on April 3, 2013, the parties have filed briefs addressing whether the Court has subject matter jurisdiction over this action and, if so, whether it should nonetheless stay or dismiss the action in favor of tribal court jurisdiction. Docs. 16, 17.

### I. Background.

Decedent Roy Lee Black was employed by Peabody Western Coal Company ("Peabody") on the Navajo Reservation. Doc. 1, ¶¶ 12-13. During his employment, Mr. Black participated in and maintained a 401(k) account as part of Peabody's "employee pension benefit plan" ("the Peabody Western – UMWA 401(k) Plan" or "the Plan"). *Id.*, ¶¶ 8-9. Mr. Black died on February 11, 2011, and, as of September 14, 2012, his account contained a balance of $66,452.88. *Id.*, ¶¶ 14-15. The governing provisions of the Plan (the "Plan Instrument") provide that, unless otherwise designated, the balance of a decedent's account will be paid out to his or her surviving spouse, and, if the decedent has no surviving spouse or designees, it will be paid out to the administrator of his or her estate. *Id.*, ¶¶ 16-20 (citing Plan Instrument provisions).

Mr. Black did not have a surviving spouse, and he named his daughter Dianarose Black as his sole beneficiary on the Plan's Designation Form. *Id.*, ¶¶ 4, 22. The Plan Instrument allows for any persons who believe they are being denied a benefit to submit a written claim to the Plan administrator. *Id.*, ¶ 25. Raelene Brown, the administrator of Mr. Black's estate, submitted a claim to PHC, contesting the validity of the Designation Form and making a claim to the account balance on behalf of the estate. *Id.*, 25-26.

PHC has a fiduciary duty under ERISA to distribute the balance according to the Plan Instrument. *Id.*, ¶ 30 (citing 29 U.S.C. § 1104(a)(1)(D)). PHC has received no other claims to the account balance, and it has so far made no distributions pending resolution of whether Defendant Black or Mr. Black's estate, represented by Defendant Brown, is the proper beneficiary. *Id.*, ¶¶ 29-32. PHC filed this action in interpleader, seeking to pay the account balance into the Registry of the Court and to have the Court require Defendants to submit their respective claims to the Court for determination. *Id.*, ¶¶ 38.

### II. Federal Court Jurisdiction.

ERISA's jurisdictional statement provides that "[e]xcept for actions under section (a)(1)(B) [authorizing suits by participants or beneficiaries], the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter

brought by . . . [a] fiduciary, or any person referred to in section 1021(f)(1) of this title." 29 U.S.C. § 1132(e)(1).  PCH filed this action under §1132(a)(3), which authorizes a fiduciary to bring a civil action "to obtain . . . appropriate equitable relief [and] to enforce any provision of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3)(B).  The Ninth Circuit has recognized that an interpleader action brought by a plan administrator to ensure the proper disbursement of ERISA funds is as an equitable action properly brought under § 1132(a)(3)(B).  *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033-34 (9th Cir. 2000); *see also Estate of Strickland v. Strickland*, No. CV-12-433-TUC-JGZ, 2013 WL 673513, at *4 (D. Ariz. Feb. 25, 2013) ("An interpleader action is an equitable proceeding that permits a plan administrator to seek equitable relief to enforce terms of an ERISA plan.").  Because ERISA grants federal court jurisdiction for civil actions brought by a fiduciary, and PHC's interpleader action is properly asserted under § 1132(a)(3)(B), the Court has subject matter jurisdiction.

### III.     Tribal Court Jurisdiction.

#### A.     Principles of Comity and Exhaustion.

Even where the federal court has subject matter jurisdiction over a claim involving Indians on Indian land, principles of comity generally require that examination of the existence and extent of a tribal court's jurisdiction "be conducted in the first instance in the Tribal Court itself." *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856 (1985).  "[T]he federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction." *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 16 (1987) (quotation marks and citation omitted).  *National Farmers* articulated three exceptions to this requirement: (1) "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith," (2) "where the action is patently violative of express jurisdictional prohibitions," and (3) "where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction."  471 U.S. at 857, n. 21 (internal quotation marks and citations omitted).

1    Defendant Black did not submit briefing on the jurisdictional issue.  Defendant
2    Brown contends that the Court should dismiss or stay this action to allow the Navajo
3    tribal court to determine its own jurisdiction.  Doc. 16 at 6, 10.  She argues that this is
4    appropriate because (1) the dispute is between Navajo family members arising from
5    events on the Navajo Reservation, (2) proper distribution of the account balance
6    implicates issues of Navajo law and custom, and (3) the Navajo probate court has
7    jurisdiction over other matters related to Mr. Black's estate.  *Id.* at 2-9.  PHC does not
8    argue that Defendant's assertion of tribal court jurisdiction is in bad faith, nor that
9    exhaustion in tribal court would be futile.  Rather, it argues that requiring exhaustion in
10   tribal court would be "patently violative of [ERISA's] express jurisdictional
11   prohibitions," and would "serve no purpose other than delay."  Doc. 17 at 2 (quoting
12   *National Farmers*, 471 U.S. at 857, n. 21; *Nevada v. Hicks*, 533 U.S. 353, 369 (2001)).

### B.   Would Tribal Court Jurisdiction Violate Jurisdictional Prohibitions?

Section 1132(e)(1) of ERISA states:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title.  State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

20   29 U.S.C. § 1132(e)(1).  This grant of "exclusive jurisdiction," which applies to this
21   interpleader action initiated by an ERISA fiduciary, would appear to preclude tribal court
22   jurisdiction.  It also appears to invoke *National Farmers*' second exception to the
23   exhaustion requirement – that tribal court jurisdiction would patently violate an express
24   jurisdictional prohibition.  Defendant's arguments to the contrary are not persuasive.

25   Defendant Brown argues on the basis of *United States v. Plainbull*, 957 F.2d 724
26   (9th Cir. 1992), that the principles underlying the exhaustion rule apply even where the
27   statutory basis for an action contains "exclusive jurisdiction" language.  Doc. 16 at 7, 7
28   n. 1.  In *Plainbull*, the Bureau of Indian Affairs ("BIA") filed an action in federal court

seeking to recover grazing fees on behalf of the Crow Tribe from tribal members who had allowed their livestock to trespass on tribal lands. 957 F.2d at 725. The BIA asserted federal court jurisdiction under 28 U.S.C. § 1355. *Id.* at 726. Section 1355 states that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture . . . incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title." 28 U.S.C. § 1355(a). The Ninth Circuit affirmed the district court's dismissal of the action in favor of tribal court exhaustion based on the district court's finding that the alleged trespasses were essentially an internal tribal matter and that principles of comity required the BIA to seek resolution in tribal court. 957 F.2d at 725, 727. In reaching this conclusion, the Ninth Circuit addressed whether § 1355 gave the federal courts exclusive jurisdiction, thus precluding tribal court jurisdiction. *Id.* at 726-27. The Court of Appeals reasoned that the plain language of § 1355 "only grants the district court original jurisdiction 'exclusive of the courts of the States,' not exclusive of all other courts that would otherwise have had jurisdiction." *Id.* at 726. It went on to state that "[s]ince a tribal court is not a state court, we hold that it does not fall within the exclusive jurisdiction provision of section 1355." *Id.*

*Plainbull* does not support Defendant Brown's position. Section 1132(e)(1) of ERISA does not state that the federal courts have original jurisdiction "exclusive of the courts of the States," thus implicitly preserving the possibility of tribal court jurisdiction. Rather, § 1132(e)(1) unequivocally states that "the district courts of the United States shall have *exclusive jurisdiction of civil actions under this subchapter brought by . . . [a] fiduciary*." 28 U.S.C. § 1132(e)(1) (emphasis added). Importantly, the Ninth Circuit stated in *Plainbull* that if it were to find that the relevant statute "confers exclusive jurisdiction to the federal courts in the instant case," it would be "compelled to reverse [the district court's abstention] for abuse of discretion." 957 F.2d at 726.

Defendant Brown cites *Elliot v. White Mountain Apache Tribal Court*, 566 F.3d

- 5 -

842, 848 (9th Cir. 2009), for the proposition that if tribal court jurisdiction is "colorable" or "plausible" the exception does not apply and exhaustion of tribal court remedies is required. Doc. 16 at 7, n. 1. The Court does not find *Elliot* helpful to Defendant Brown. *Elliot* addressed a fourth exception to the exhaustion requirement recognized in *Hicks*, 533 U.S. at 369, – that the exhaustion rule does not apply "when it is 'plain' that tribal court jurisdiction is lacking, so that the exhaustion requirement 'would serve no purpose other than delay.'" 566 F.3d at 847. The reasoning in *Elliot* is clear. If tribal court jurisdiction is "colorable" or "plausible," it cannot be "plain" that the tribal court lacks jurisdiction. In this case, however, the relevant statutory provision confers "exclusive jurisdiction" on the federal courts, making "plain" that the tribal court lacks jurisdiction.[1]

Defendant Brown emphasizes a Navajo Nation Supreme Court case that affirmed Navajo jurisdiction to oversee the disbursement of ERISA funds where the claimants were all Navajos and the life insurance policy belonged to a Navajo decedent pursuant to her work for a company on Navajo land. Doc. 16 at 3 (citing *MacDonald v. Ellison*, 7 Nav. R. 429, 432 (1999)). But Defendant Brown acknowledges that the Navajo Supreme Court found that ERISA did not apply to that case. *Id.* The applicability of ERISA to the sole question of whether Mr. Black validly designated Defendant Black as his beneficiary in the current case is not meaningfully in dispute. Defendant Brown also argues that ERISA does not preempt tribal law. Doc. 16 at 4. Again, that is not the question before the Court. Jurisdiction is not being suggested in this Court because ERISA preempts tribal law, but because Congress has specifically declared that federal district courts have exclusive jurisdiction over ERISA actions such as this.

Defendant Brown's citations to additional cases are also not persuasive. In *United States v. Tsosie*, 92 F.3d 1037, 1041 (10th Cir. 1996), the United States argued on the

---

[1] The second and fourth exceptions to the exhaustion requirement appear to overlap. When the second exception applies – where the action in the tribal court would patently violate express jurisdictional prohibitions – the fourth exception will never apply because the lack of tribal court jurisdiction will be plain. That is the situation in this case. The fourth exception nonetheless remains relevant. Even if there is no express jurisdictional prohibition, courts must ask whether a lack of tribal court jurisdiction is plain for some other reason, so that exhaustion would serve no purpose other than delay.

- 6 -

basis of 28 U.S.C. § 1345, which gives the federal courts original jurisdiction over civil actions brought by the United States, that the exhaustion rule did not apply to a trespass and ejectment action the government initiated over tribal land.  The court disagreed, citing a number of Supreme Court cases for the proposition that original jurisdiction in the federal courts does not preclude concurrent jurisdiction in other tribunals.  *Id.* at 1041-42 (citing cases).  In affirming that comity required the United States to exhaust its remedies in tribal court, the Tenth Circuit found it significant that the relevant dispute was between Indians over rights in Indian country.  *Id.* at 1043.  Defendant argues that the same kind of dispute exists here.  Doc. 16 at 8.  But *Tsosie* was not an ERISA case, and it did not deal with an exclusive jurisdiction clause.  The analysis in *Tsosie* simply does not apply where, as here, the applicable statutory provision precludes concurrent jurisdiction.

Defendant Brown's citations to *Prescott v. Little Six, Inc.*, 897 F.Supp. 1217 (D. Minn. 1995), and *Prescott v. Little Six, Inc*, 387 F.3d 753 (8th Cir. 2004), do not compel a different result.  The district court opinion merely held that the "exclusive jurisdiction" provision in § 1132(e)(1) did not bar the tribal court from adjudicating the question of whether a valid ERISA plan existed, not that the federal courts do not have exclusive jurisdiction over ERISA actions otherwise subject to § 1132(e)(1).  *Prescott*, 897 F.Supp. at 1222.  The Eighth Circuit opinion is in accord.  It found that where the tribal court had conclusively determined that no ERISA plan existed because the tribal corporation had not created one pursuant to relevant tribal laws, there could be no controversy to which ERISA could apply.  *Prescott*, 387 F.3d at 758.  Neither case held that where, as here, the existence of an ERISA plan is not in dispute, the exhaustion rule applies to an action brought by a fiduciary under § 1132(a)(3) despite the express language in § 1132(e)(1).

*Geroux v. Assurant, Inc.*, No. 2:08-cv-00184, 2010 WL 1032648 (W.D. Mich. March 17, 2010), to which Defendant's counsel cited at the scheduling conference, and *Koopman v. Forest County Potawatomi Member Benefit Plan*, No. 06-C-163, 2006 WL 1785769 (E.D. Wis. June 26, 2006), are similar to the *Prescott* cases.  *Geroux* remanded

a case to tribal court where the parties disagreed about whether the plaintiffs' cause of action arose under ERISA. 2010 WL 1032648, at *18. *Koopman*, to which *Geroux* cited, dismissed an action brought by tribal members where the plaintiffs had characterized the case as a dispute over ERISA benefits, but the court found that "it is clear from the filings [] it is anything but." 2006 WL 1785769, at *2. The court found that preliminary issues such as a motion to disqualify the Tribe's counsel and a motion to intervene from tribal members asserting claims under the Tribe's own constitution presented it with "a paradigmatic opportunity to defer to the tribal court." *Id.*

Defendant Brown attempts to show that disposition of the benefit in this case likewise implicates questions of tribal law and custom distinct from who is the proper beneficiary of Mr. Black's account under ERISA. Doc. 16 at 4. The Court is not persuaded. As Plaintiff argues, ERISA requires the fiduciary to distribute Plan benefits according to the terms of the Plan Instrument. Doc. 17 at 7; *see* 29 U.S.C. § 1104(a)(1)(D). Thus, the benefit must pass to Defendant Black if the Court finds that Mr. Black designated her as his beneficiary; otherwise it must pass to Mr. Black's estate represented by Defendant Brown. Doc. 17 at 7. No questions of tribal law or concepts of "distributive justice" are implicated as Plaintiff argues (Doc. 16 at 5), and until the ERISA action is resolved, the account is a non-probate asset not properly before the tribal probate court. *Id.* at 6, 7.

In summary, the Court concludes that requiring tribal court exhaustion in this case, where the only question is one over which the federal courts have "exclusive jurisdiction," would be **"**patently violative of express jurisdictional prohibitions.**"** *Nat'l Farmers*, 471 U.S. at 857, n. 21. As a result, exhaustion in tribal court is not required.

### C.     Alternative Grounds for Declining Abstention.

Even absent a finding that the "exclusive jurisdiction" language in § 1132(e)(1) constitutes an express jurisdictional prohibition against tribal court jurisdiction, the Court finds further support on the basis of *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473 (1999), that the exhaustion rule does not apply. *El Paso* supports the proposition that

exhaustion does not apply, even without express language, where a federal statute evinces Congress's intent that specific kinds of actions be addressed in a uniform manner in federal court. The plaintiffs in *El Paso* argued that principles of comity prevented the defendant of numerous tort claims stemming from uranium production on the Navajo reservation from removing cases from Navajo to federal court pursuant to the Price-Anderson Act. The Price-Anderson Act provides for original jurisdiction in federal court and removal from state court for claims relating to nuclear incidents. *Neztsosie*, 526 U.S. at 484. It also contains a preemption provision, transforming all such claims into federal actions. *Id.* The Supreme Court found on the basis of these provisions that Congress had "expressed an unmistakable preference for a federal forum." *Id.* at 484-85. Although the Act only provided for removal from state courts, not tribal courts, the Supreme Court explained:

> We are at a loss to think of any reason that Congress would have favored tribal exhaustion. Any generalized sense of comity toward nonfederal courts is obviously displaced by the provisions for preemption and removal from state courts, which are thus accorded neither jot nor tittle of deference. The apparent reasons for this congressional policy of immediate access to federal forums are as much applicable to tribal-court as to state-court litigation.

*Id.* at 485-86. The Court concluded that the exhaustion rule did not apply to any putative Price-Anderson Act claims and that removal was warranted. *Id.* at 487-88.

At least one district court case, *Vandever v. Osage Nation Enterprise, Inc.*, No. 06-CV-380-GKF-TLW, 2009 WL 702776 (N.D. Okla. Mar. 16, 2009), has applied the rationale of *Neztsosie* to ERISA and concluded that exhaustion does not apply to ERISA-based claims. In *Vandever*, the plaintiffs filed an action in federal court against their tribal employer and the Osage Nation alleging ERISA violations. 2009 WL 702776, at *1. Defendants argued on the basis of *National Farmers*, *et al.*, that plaintiffs must first pursue their claims in tribal court. *Id.* at *4. The court did not agree. *Id.* at *5. It cited to the fact that ERISA, like the Price-Anderson Act, preempts state law claims (*see* 29 U.S.C. § 1144), and to the Supreme Court's finding that

> The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive preemption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern."

*Id.* at *5 (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal citation omitted)). The court concluded that "[g]iven the preemptive nature of ERISA and the express purpose of Congress to provide a uniform regulatory scheme over employee benefit plans, . . . abstention would be inappropriate." *Id.* Unlike here, *Vandever* pertained to claims brought by beneficiaries to recover benefits under the terms of a plan and thus fell under the second part of § 1132(e)(1), which gives the federal courts concurrent jurisdiction with the states, not the provision which gives federal courts "exclusive jurisdiction." As Defendant points out, however, the fact that the court found abstention inappropriate even where federal jurisdiction was not exclusive further supports withholding abstention here. *See* Doc. 17 at 3, n. 1.

*Neztsosie* and *Vandever* provide persuasive alternative grounds for finding that the principles of comity requiring tribal court exhaustion do not apply in this case.

**IT IS ORDERED:**

1. This action shall remain in federal court.

2. The Court will set a case management conference by separate order.

Dated this 29th day of May, 2013.

_____
David G. Campbell
United States District Judge